IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

CASE NUMBER:

UNION 2, LLC, DBA THE STANDARD
RESTAURANT

      Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, Union 2, LLC, DBA The Standard Restaurant by and through the undersigned counsel and sues Defendant, Westchester Surplus Lines Insurance Company, and alleges as follows:

1. This is an action for breach of contract with damages greater than Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

2. At all material times hereto, Plaintiff, Union 2, LLC, DBA The Standard Restaurant (hereinafter "Plaintiff"), was and is a Florida resident.

3. At all material times hereto, Defendant, Westchester Surplus Lines Insurance Company, was a corporation duly licensed to transact insurance business in the State of Florida. Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Lee County, Florida.

4. Jurisdiction and venue of this matter are proper in Circuit Court for Lee County, Florida.

5.  Prior to September 28, 2022, Plaintiff sought and purchased property insurance from Defendant to cover their property located at 1520 Broadway Cir, Suite 101, Fort Myers, Florida, 33901, (hereinafter "Plaintiff's Property"). Said policy of insurance, which is believed to be policy number FSF16280355 001 (hereinafter "Plaintiff's Policy"), was issued by Defendant to Plaintiff to provide insurance coverage that included, but was not limited to, coverage afforded to protect Plaintiff's Property against Hurricane damage.

6.  Plaintiff's Policy was in full force and effect as of September 28, 2022. A formal copy of the Plaintiff's Policy is not currently in the possession of Plaintiff, but is well known to Defendant, and has been requested by Plaintiff through a Request to Produce, which has been served upon Defendant contemporaneously with this Complaint. See: Equity Premium, Inc. v. Twin City Fire Ins. Co., 956 So.2d 1257 (Fla 4th DCA 2007); Amiker v. Mid-Century Ins. Co., 398 So.2d 974 (Fla 1st DCA 1981); Parkway General Hospital, Inc. v. Allstate Ins. Co., 393 So.2d 1171 (Fla. 3rd DCA 1981) and Sasche v. Tampa Music Co., 262 So.2d 17 ( Fla. 2nd DCA 1972).

7.  On or about September 28, 2022, Plaintiff's Property was damaged by a Hurricane event. Said Hurricane event was covered under Plaintiff's Policy.

8.  This is an action related to Defendant's breach of contract for failure to fully indemnify Plaintiff from loss.

## COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT

**COMES NOW**, Plaintiff, Union 2, LLC, DBA The Standard Restaurant by and through the undersigned counsel and sues Defendant, Westchester Surplus Lines Insurance Company, and alleges as follows:

9. Plaintiff re-alleges paragraphs 1 through 8 above and incorporates the same by reference herein.

10. Plaintiff is a named insured under Plaintiff's Policy which was in full force and effect all times material to this Complaint.

11. Plaintiff has complied with all conditions precedent to this lawsuit which entitles Plaintiff to recover under Plaintiff's Policy, or any such conditions have been waived by the Defendant.

12. Despite demand for payment, Defendant has failed or refused fully indemnify Plaintiff from the amount of loss.

13. Defendant's refusal to reimburse Plaintiff adequately for damages, and otherwise make Plaintiff whole, constitutes a breach of contract.

14. Plaintiff has been damaged as a result of Defendant's breach in the form of insurance proceeds which have not been paid, interest, costs, and attorney's fees.

15. Plaintiff has been and remains fully prepared to comply with all of the Policy's obligations.

16. As a result of Defendant's breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorneys pursuant to Sections 627.70152 (July 1, 2021), 627.428 (July 1, 2021), 626.9373 (July 1, 2021), 57.041, 57.104, Florida Statutes. Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs.

17. Plaintiff is entitled to recover attorney's fees and costs under Sections 627.70152 (July 1, 2021), 627.428 (July 1, 2021), 626.9373 (July 1, 2021), 57.041, 57.104, Florida Statutes.

**WHEREFORE**, Plaintiff, Union 2, LLC, DBA The Standard Restaurant by and through the undersigned counsel, demands judgment against Defendant, Westchester Surplus Lines Insurance Company, for all damages with interest, costs, attorney fees pursuant to Sections 627.70152 (July 1, 2021), 627.428 (July 1, 2021), 626.9373 (July 1, 2021), 57.041, 57.104, Florida Statutes, and for all other remedies the Court sees fit to grant, and Plaintiff demands trial by jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this document will be served on Defendant along with the Summons in this action.

**Date:** April 11, 2023

/s/Erin Dix
**COHEN LAW GROUP**
Erin Dix, Esq.
*FOR THE FIRM*
Florida Bar Number: 108062
350 North Lake Destiny Road
Maitland, Florida 32751
Phone: (407) 478-4878
Fax: (407) 478-0204
Primary: edix@itsaboutjustice.law
Secondary: lyndon@itsaboutjustice.law